# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL GEEO, on his own behalf and on behalf of those similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 3:22-cv-00359** **Judge Aleta A. Trauger** |
| **BONDED FILTER CO., LLC, d/b/a BFC Solutions,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## MEMORANDUM

Before the court is the defendant's Motion to Dismiss (Doc. No. 21) plaintiff Daniel Geeo's Amended Complaint (Doc. No. 19) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 21.) For the reasons set forth herein, the motion will be granted.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff Daniel Geeo, on behalf of himself and others similarly situated, brings suit against defendant Bonded Filter Co., LLC, d/b/a BFC Solutions ("BFC"), for alleged violations of the Fair Labor Standards Act ("FLSA")—specifically 29 U.S.C. § 207(a), which requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty hours per work week. Geeo filed his original Complaint on May 17, 2022. (Doc. No. 1.) After BFC filed a Rule 12(b)(6) Motion to Dismiss based on failure to state a claim, Geeo filed his Amended Complaint on July 5, 2022, attempting to cure any pleading deficiencies. The court denied the first Motion to Dismiss as moot.

As relevant here, the Amended Complaint alleges that BFC is a nationwide provider of preventive maintenance services for commercial HVAC systems and that it is an "enterprise

covered by the FLSA" and an "employer" as defined by the FLSA. (Doc. No. 19 ¶¶ 10, 12, 14.) BFC employs hundreds of technicians who perform maintenance and other technician duties at commercial establishments throughout the United States. (*Id.* ¶ 18.) According to Geeo, BFC "has a common pay policy and/or pay practice" pursuant to which it "fails to pay its technicians at a rate of time and one-half their regular rate of pay" for all hours worked in excess of forty hours per week. (*Id.* ¶ 19.)

The factual allegations in support of this assertion are sparse. Geeo states that he performed "non-exempt technician services" for BFC in multiple states, including Tennessee, from October 2021 through February 2022, for which he was paid an hourly rate. (*Id.* ¶¶ 20–22.) Some technicians were allegedly paid on a "piece rate basis" as well during "one or more workweeks during the last three years." (*Id.* ¶ 23.) Geeo further alleges that:

a) BFC failed to record all of the plaintiff's and other employees' hours worked during the preceding three years (*id.* ¶ 24);

b) Geeo and others similarly situated "routinely" worked more than forty hours per week as part of their regular job duties (*id.* ¶ 25); and

c) BFC did not pay them the overtime compensation rate required by the FLSA for all hours worked over forty per week, pursuant to a "company-wide policy" (*id.* ¶ 27).

Geeo describes this "company-wide policy" as involving the deduction of "compensable commute time from its technicians' pay," resulting in unpaid overtime work. (*Id.* ¶ 29.) The only additional factual allegations in the Amended Complaint describing this purported policy are that BFC required the plaintiff and other similarly situated technicians to attend mandatory morning meetings prior to arriving at their first job each day and that, although the meetings are "integral and indispensable" to the technicians' duties, BFC deducted the technicians' "commute/drive time

that occurred during or after the mandatory meetings," which resulted in "unpaid overtime hours during one or more workweeks, contrary to the FLSA." (*Id.* ¶¶ 30–33.[1])

In lieu of an answer, BFC promptly filed its Motion to Dismiss the Amended Complaint, along with a supporting Memorandum of Law (Doc. No. 22). As discussed in greater detail below, it argues generally that the pleading is facially deficient, insofar as it fails to "provide any factual detail about what 'compensable work' the putative class [members] performed but were not paid for, or what the 'policy of deducting' was, or is." (Doc. No. 22, at 2 (citing *Forrester v. Am. Sec. & Pro. Serv. LLC*, No. 21-5870, 2022 WL 1514905 (6th Cir. May 13, 2022)).) The plaintiff argues in response that his pleading satisfies the standard articulated in Rule 8(a) of the Federal Rules of Civil Procedure and that, if the court nonetheless grants the defendant's motion, he should be "afforded leave to amend the Amended Complaint to address any deficiencies if determined by the Court." (Doc. No. 23, at 9.) The defendant, in its Reply, contends that the plaintiff has not shown that the allegedly compensable travel time is actually compensable and that he should not be given leave to amend. (Doc. No. 24.)

## II. STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing

---

[1] The addition of these four paragraphs of the Amended Complaint (paragraphs 30–33) appears to be the only material difference between the original Complaint and the Amended Complaint. They were added in response to BFC's Motion to Dismiss the original Complaint for failure to state a claim for which relief may be granted.

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" but, instead, must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

## III. DISCUSSION

The FLSA requires covered employers to pay employees overtime if they work more than forty hours in a week and to keep records of the hours that employees work. 29 U.S.C. §§ 207(a)(1), 211(c). The FLSA, however, does not require employers to "pay for every minute employees are at work," and, if time at work is not compensable under the FLSA, the employer is not required to pay overtime for it or to keep records of it. *Forrester*, 2022 WL 1514905, at *1 (6th Cir. May 13, 2022) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)).

In particular, it is well established under the Portal-to-Portal Act of 1947, which amended the FLSA, both that (1) time spent "traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform" is generally not to be counted as compensable work time under the FLSA and that (2) "activities which are preliminary to or postliminary to said principal activity or activities" are not compensable. 29 U.S.C. § 254(a)(1)–(2); *see also Aiken v. City of Memphis*, 190 F.3d 753, 758 (6th Cir. 1999) ("The effect of these sections is to make ordinary commute time non-compensable under the FLSA.").

The plaintiff alleges here that he engaged in "compensable commute time" for which he was not properly paid (Doc. No. 19 ¶ 29), but he does not explain why the commute time is compensable. BFC argues that the Amended Complaint is deficient, because the plaintiff's assertion that his commute time was "compensable" is an incorrect legal conclusion rather than a factual allegation and, therefore, is not entitled to a presumption of truth. The defendant further argues that the plaintiff has not included any actual *facts* that would justify his legal conclusion that his "commute/drive time" is compensable.[2]

In response, the plaintiff devotes a substantial amount of space to arguing that the defendant is attempting to impose a heightened pleading standard on his FLSA claim. He argues that the district courts within the Sixth Circuit have almost uniformly held that such a heightened pleading standard is not appropriate and that FLSA plaintiffs are only required to assert a *prima facie* case to avoid dismissal under Rule 12(b)(6). The plaintiff is correct, as far as that goes. *See, e.g., Roberts*

---

[2] BFC also argues that the Amended Complaint does not adequately allege an FLSA violation in connection with the plaintiff's mandatory attendance at morning meetings, because he does not actually allege that he was not compensated for attending the mandatory meetings. The court agrees and, in fact, does not construe the Amended Complaint as asserting, or even attempting to assert, an FLSA claim based on compensation relating to attending the meetings. The plaintiff's Response does not address that argument, which further confirms that he did not intend to state an FLSA claim related to payment for attending the meetings themselves.

*v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015) (Trauger, J.) ("[T]he courts within the Sixth Circuit have been clear that extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend."). At the same time, the court in *Roberts* and the cases cited therein also recognize that the pleading standard established by *Twombly* and *Iqbal* applies to FLSA cases. *See id.*

Moreover, the plaintiff makes no attempt to confront the Sixth Circuit's recent holding in *Forrester*, which effectively disposes of his arguments. In that case, the plaintiff alleged that her employer required her and similarly situated employees to arrive ten to fifteen minutes before the scheduled start of their shifts to perform "several shift-change duties" and that the defendant did not pay them for this time or keep records of the time and that it disciplined employees who did not arrive early to work. *Forrester*, 2022 WL 1514905, at *1. The plaintiff referred to this uncompensated time as "pass down" time, the purpose of which was to "create an overlap between shifts." *Id.* She asserted that this pass down time was compensable.

The district court dismissed the complaint for failure to state a claim, and the Sixth Circuit affirmed on the basis that, "to state a claim for relief, the complaint must allege facts that show pass-down time is compensable." *Id.* The plaintiff, however, did not explain what duties were required during this pass down time, how those duties related to her "principal activities," or what her "principal activities" actually were. *Id.* The court found that her failure to include such facts was fatal to her claim:

> While the Rule 8 standard doesn't require detailed factual allegations, it demands more than a naked the defendant-unlawfully-harmed-me accusation. Indeed, it demands enough factual content to raise a right to relief above the speculative level. And in this regard, Forrester's complaint comes up short.
>
> The complaint's only description of pass-down time says it involved "several shift-change duties." But what are "shift-change duties"? The complaint doesn't

elaborate. In fact, it doesn't provide any information about what "pass down" entailed, let alone facts that could help determine whether those duties were an intrinsic element of [her job]. So the complaint leaves us wondering whether [the defendant] could have eliminated pass down without impairing Forrester's ability to complete her work. And without an answer to this question, Forrester can't show that pass-down time is compensable. Thus, the complaint doesn't show Forrester has a claim for relief. The district court correctly dismissed her complaint.

*Id.* at *2 (internal quotation marks and citations omitted). Notably, the court characterized as legal conclusions rather than facts the plaintiff's assertions that pass down activities "constituted a part of [her] principal activities, was required by Defendants, and was performed for Defendants' benefit" and that her "unpaid work was an integral and indispensable part of other principal activities" that the plaintiff performed. *Id.* at *3. Consequently, the court was not required to accept those assertions as true for purposes of evaluating the defendant's motion to dismiss.

Geeo, in this case, argues that BFC improperly ignores "precedent" in the form of district court cases requiring FLSA plaintiffs to state only a *prima facie* case in order to avoid dismissal, and he asserts that *Forrester* is distinguishable, because the plaintiff there "failed to provide any description whatsoever as to what pass-down time was or involved thereby preventing the District Court from determining whether Forrester had alleged a valid claim." (Doc. No. 23, at 5–6.) But the same is equally true of this plaintiff's own pleading. He asserts that he and similarly situated employees are entitled to compensation for "compensable commute time." (Doc. No. 19 ¶ 29.) He insists that the question of whether the commute time is actually compensable is "more appropriate for determination at the summary judgment stage." (Doc. No. 23, at 6 n.1.) He might be right about that, as a general proposition, but he is not absolved of the obligation to provide some factual basis at the front end to support his claim that the commute time is compensable—for instance, by explaining what employees do during this "commute time" that makes it compensable, in order to distinguish it from commute time that is presumptively not compensable under 29 U.S.C. § 254(a),

or by otherwise showing that it constituted a "principal activity" or an "integral and indispensable part of other principal activities." *Forrester*, 2022 WL 1514905, at *3.

In sum, the Amended Complaint does not contain any actual facts, as opposed to conclusory legal assertions, to establish what the plaintiff's actual principal activities consisted of or how this commute time fell within the scope of such activities. The Amended Complaint at issue here is very similar to that in *Forrester*, except that it is possibly even more conclusory. The Amended Complaint provides no information about what "compensable commute time" entailed, "let alone facts that could help determine whether those duties were an intrinsic element" of the plaintiff's job. *Forrester*, 2022 WL 1514905, at *2.

The plaintiff attempts to avoid dismissal by citing a Complaint filed in the United States District Court for the Southern District of New York against BFC in 2020 to argue that the defendant obviously knows what he is talking about when he refers to the defendant's company-wide policy of deducting "compensable commute time" from its technicians' pay. (Doc. No. 23, at 6 & n.2 (citing *Waterman v. Bonded Filter Co.*, Doc. No. 1, Case No. 7:20-cv-09010, 2020 WL 10145745 (S.D.N.Y. Oct. 27, 2020)).) This argument is both irrelevant and foreclosed by *Forrester*. There, the plaintiff relied on a "slew of cases detailing what pass down requires in other contexts," and she argued that the defendant knew what the term meant. *Forrester*, 2022 WL 1514905, at *2. The important question, however, was whether the *complaint* explained *to the court* what the term meant. As the Sixth Circuit stated: "We are a generalist court. We aren't familiar with pass down, and we may not look to other cases to help us figure out the intricacies of every industry that comes before us. Instead, we begin and end with the complaint." *Id.* Here, too, the court has no idea what "compensable commute time" means, and the plaintiff makes no effort to elucidate. As a result, the Amended Complaint does not provide the "short and plain

statement" showing that Geeo has a claim for relief, as required by Rule 8(a)(2). *Accord Forrester*, 2022 WL 1514905, at *2.

The plaintiff includes a paragraph just prior to the Conclusion of his Response, reasserting that the Amended Complaint is "more than sufficient to state a claim under the FLSA" but nonetheless asking that he be "afforded leave to amend the Amended Complaint to address any deficiencies" in the event the court disagrees. (Doc. No. 23, at 9 (citing Fed. R. Civ. P. 15(a)(2)).) The court will deny this request. The plaintiff did not file a formal motion or a proposed amended pleading, and he has not provided the court any preview as to what additional factual allegations he might add or otherwise explained "how an amendment could save [his] claims." *Forrester*, 2022 WL 1514905, at *4; *see id.* (reaffirming that a district court "may deny leave to amend when the plaintiff 'neither moved formally to amend nor proffered a proposed amended complaint'" (quoting *United States ex rel. Owsley v. Fazzi Assocs.*, 16 F.4th 192, 197 (6th Cir. 2021)).

The denial of the plaintiff's informal request, however, will be without prejudice to his ability to file a timely *motion* seeking leave both to alter or amend the judgment and to file an amended complaint, along with a proposed Second Amended Complaint. *See Leisure Caviar v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (noting that Rule 15 motions filed after an entry of judgment must meet Rule 59's "heavier burden"). The court will not consider the merits of such a motion until actually presented with it.

## IV. CONCLUSION

For the reasons set forth herein, the defendant's Motion to Dismiss will be granted; the plaintiff's informal request to file an amended pleading will be denied without prejudice; and the plaintiff's pending Motion to Toll Statute of Limitations (Doc. No. 26) will be denied as moot.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge