IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL GEEO, on his own behalf and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BONDED FILTER CO., LLC, d/b/a BFC Solutions,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 3:22-cv-00359<br>)  Judge Aleta A. Trauger<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM and ORDER**

Before the court is the Motion for Reconsideration (Doc. No. 41) filed by defendant Bonded Filter Co., LLC, d/b/a BFC Solutions ("BFC"), asking the court to reconsider its Order (Doc. No. 40) granting in part and denying in part the defendant's previous Motion for Reconsideration, which effectively reaffirmed the Order (Doc. No. 31) reinstating this case and granting the plaintiff leave to file his Second Amended Complaint ("SAC").[1] Plaintiff Daniel Geeo, pursuant to the court's directive, has filed a Response in opposition to the defendant's motion. (Doc. No. 42.)

---

[1] The court granted the plaintiff's Rule 59 motion to alter or amend judgment and for leave to file an amended pleading the same day it was filed, before BFC had an opportunity to respond. BFC filed its first Motion for Reconsideration under Local Rule 7.01(b), which expressly provides for a motion to reconsider in that situation to function as a response in opposition to a motion granted before the expiration of the time for the opposing party to file such a response. Thus, despite the formal titles and configuration of the various filings, the court reconsidered *de novo* the plaintiff's Rule 59 motion and construed the defendant's first Motion for Reconsideration as a response in opposition to that motion. The present motion, as the defendant notes, is properly considered the defendant's first motion to reconsider.

District courts have authority under common law and Federal Rule of Civil Procedure 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The standard for reconsideration is similar to that applied to motions to alter or amend judgment under Rule 59. That is, courts traditionally find "justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Camillo v. Campbell Clinic, P.C.*, No. 2:19-cv-02876-SHM-atc, 2021 WL 1233516, at *2 (W.D. Tenn. Apr. 1, 2021) (internal quotation marks and citations omitted).

BFC's motion makes two arguments. First, it insists that the court committed a clear error insofar as it relied on facts not in Geeo's pleading to determine that the plaintiff adequately stated a claim under the Fair Labor Standards Act ("FLSA"). The FLSA claim at issue is based on the defendant's alleged failure to compensate the plaintiff (and other similarly situated technicians) for the time spent commuting to their first job site *after* attending a "a mandatory meeting" at the beginning of each workday. The court described this meeting as taking place at a "designated meeting place" (*see* Doc. No. 39, at 6), even though, as BFC points out, the SAC does not actually allege that the mandatory meetings took place at a designated meeting place. BFC argues that the court's finding that the plaintiff met with other employees at a common "muster location" was material to its finding that the SAC stated a claim under the FLSA. (Doc. No. 42, at 3–4.) On that basis, it insists that the court should reconsider its decision permitting the plaintiff to amend his

pleading to assert this claim.

The defendant is correct that the court apparently erroneously construed the term "meeting" to imply a physical meeting at a site away from the plaintiff's home. The plaintiff now confirms that the mandatory morning meetings were virtual. He argues, however, that *where* the meetings took place is not material. That is, his position is that the fact that the meetings were mandatory and constituted compensable work is what makes the post-meeting commute time compensable under the continuous-workday rule embraced by the Portal-to-Portal Act.

The court agrees. As at least one other district court has found, in a similar situation, the fact that an employee logs into a work portal or attends a Zoom meeting at home to begin work before driving to his or her first field work site—rather than beginning work at the employer's offices—"might present the modern-day equivalent" of the latter factual scenario, "made possible by the internet." *Black v. Driveline Retail Merch., Inc.*, No. 4:18-CV-00778-KGB, 2022 WL 1160383, at *7 (E.D. Ark. Apr. 19, 2022). In *Black*, more specifically, the defendant employer required the plaintiffs to begin work each morning by "logging into the Driveline portal" from their homes "to see what work they had been assigned for a given day" and to perform such activities as "arranging the projects in their schedules, printing necessary forms, calling stores to confirm scheduled arrival, and occasionally watching videos." *Id.* at *1. The defendant's written Employment Terms expressly acknowledged that the plaintiffs would be paid for the time spent on these activities. *Id.* at *2. Based on that fact as well as other evidence in the record, the court found that there was at least a material factual dispute as to whether these activities were an "integral and indispensable part" of the plaintiffs' jobs and took more than *de minimis* time for purposes of the FLSA and, therefore, that there was also a material factual dispute as to whether the plaintiffs' "workdays started when they began their preparatory work," *id.* at *10.

The plaintiffs further alleged that, after doing this preparatory work, "each plaintiff would drive to his or her respective first job site." *Id.* at *7. Per the defendant's Employment Terms, the plaintiffs were not compensated for the first thirty miles of that commute. *Id.* Despite the fact that the plaintiffs were not "required to *report to a designated meeting place*" before heading out to their first job site, *id.* (quoting *Dole v. Enduro Plumbing, Inc.*, No. 88-7041-RMT (KX), 1990 WL 252270, at *4 (C.D. Cal. Oct. 16, 1990)), the court concluded that "a reasonable finder of fact could determine that plaintiffs' continuous workdays began when they started their preparatory work" after logging into the employer's online portal from their homes, which in turn "trigger[ed] the continuous workday day rule," *id.* at *8, thus giving rise to a question of fact as to whether the entirety of their first commute was compensable under the FLSA.

As this court already stated in the original Memorandum permitting the plaintiff's claim based on the defendant's failure to compensate him for post-meeting commute time to proceed,

> commuting from one work site to another after commencement of the workday is generally compensable under the FLSA, such that this claim, and the plaintiff's clarification thereof, is not futile. *See* 29 C.F.R. 785.38 ("Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice."); *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 226 (2014) ("[T]he Portal-to-Portal Act[, which amended the FLSA in 1947,] did not alter what is known as the 'continuous workday rule,' under which compensable time comprises 'the period between the commencement and completion on the same workday of an employee's principal activity or activities . . . [,] whether or not the employee engages in work throughout all of that period." (quoting 12 Fed. Reg. 7658 (1947))).

(Doc. No. 39, at 7.)

Here, the plaintiff has plausibly alleged that his workday commenced with the mandatory meeting that took place before he commuted to his first work site, that the work performed at the mandatory meeting was not *de minimis*, and that it constituted an integral and indispensable part of his job. Although the court mistakenly indicated that the mandatory meetings took place at a

designated meeting place, that error is immaterial, at least at this stage in the proceedings. The court declines to reconsider the determination that the plaintiff stated a colorable claim under the FLSA based on the defendant's failure to compensate him for post-meeting commute time.

The defendant's second argument is that the court misapplied the law in granting the plaintiff's post-judgment motion for leave to amend his pleading. The court explained the rationale for that determination the first time around, and the defendant's Motion for Reconsideration simply rehashes arguments it already made. The court is not persuaded that granting the plaintiff leave to amend constitutes an abuse of discretion.

The defendant's Motion for Reconsideration (Doc. No. 41) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge